**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 95-30316

(Summary Calendar)

_____


GLENN T HAMPTON, Individually and as
spouse agent and curator obo Sarah E
Hampton,

                    Plaintiff-Appellant,

versus

M A S NURSING OF SHREVEPORT, INC;
INTRACORP    INC;    NATIONAL
REHABILITATION ASSOCIATES INC

                    Defendants,

          and

 CONNECTICUT GENERAL LIFE INSURANCE COMPANY a/k/a
Cigna Insurance Co; ASSOCIATED BUILDERS &
CONTRACTORS INC, also known as A B C Inc,

                    Defendants-Appellees.



_____

Appeal from the United States District Court
For the Western District of Louisiana
(91-CV-1793)
_____
November 7, 1995

Before HIGGINBOTHAM, DUHÉ, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

     Plaintiff Glenn Hampton appeals from the district court's

---

[*]     Local Rule 47.5.1 provides:  "The publication of opinions that have
no precedential value and merely decide particular cases on the basis of well-
settled principles of law imposes needless expense on the public and burdens on
the legal profession."  Pursuant to that Rule, the Court has determined that this
opinion should not be published.

dismissal of his ERISA claim, brought under 29 U.S.C. § 1132(a)(1)(B), to recover benefits due to him and his dependent. We vacate and remand.

Hampton filed a pro se complaint in state court, which defendants removed to federal district court under the Employment Retirement Income Act (ERISA), 29 U.S.C. §§ 1001 et seq. The magistrate judge assigned to the case recommended dismissal of Hampton's state-law claims be dismissed because they were preempted by ERISA. The district court adopted the magistrate judge's recommendations and dismissed Hampton's state-law claims, reserving only his ERISA claim.

The district court dismissed Hampton's ERISA claim for failure to pay a $120 sanction. The district court later granted Hampton's motion to reinstate his ERISA claim upon a showing that he had in fact paid the sanction. A month later, however, the district court *sua sponte* vacated the motion to reinstate and dismissed Hampton's claim with prejudice after discovering that another district court, in Cause No. 93-1011, had prohibited Hampton "from filing further pleadings in `any other matter' in the Western District of Louisiana."

Hampton contends that the district court erred in dismissing his claim based on this order. We agree. In *Hampton v. Henderson*, No. 93-5318, slip op. at 3-4 (5th Cir. Jan. 3, 1994), we held that the district court, in Cause No. 93-1011, was without authority to impose an absolute bar on filings. Accordingly, we vacated the district court's order and remanded for consideration of whether a

-2-

more limited sanction might be appropriate.  The district court issued a revised order directing that "Hampton may no longer proceed in forma pauperis in the Western District of Louisiana," and warned that "[a]s to those pleadings for which a filing fee is paid, this Court places Hampton on notice that additional, more severe sanctions may follow if additional frivolous pleadings are filed."[1]

The record reflects that Hampton did pay a filing fee in this case.  We cannot determine, however, if Hampton's ERISA claim is frivolous.  Therefore, we vacate and remand for further proceedings.

---

[1]     In the past, Hampton has been a frequent filer of frivolous and meritless complaints.  He is currently barred from filing any pleading or other court documents without prior authority from a member of this Court. *See Hampton v. Dep't of Health and Human Services,* No. 95-10331, slip op. at 4-5 (5th Cir. June 21, 1995).  Hampton was warned by this Court that "any attempt to file pleadings or other documents that are `frivolous in nature' shall result" in additional sanctions, "which may include, without limitations, double costs, attorneys fees, fines, and contempt of court." *See id.* at 4-5.  The sanction and warnings were, however, imposed after Hampton filed his appeal in this case and are therefore not applicable.